# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ANAHIT SHATVORYAN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CV 18-01426 TJH<br>CR 14-00567 BRO<br><br><br>Order |

The Court has considered Petitioner Anahit Shatvoryan's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, together with the moving and opposing papers.

On September 25, 2014, Petitioner was indicted for crimes related to Medicare fraud. Petitioner retained attorney John Stanley to represent her. On June 25, 2015, Petitioner pled guilty to one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. Petitioner admitted to billing $4,526,791.00 in false and fraudulent claims to Medicare and that Medicare paid approximately $1,668,559.00 on those claims. Pursuant to the plea agreement, the parties stipulated to a base offense level of six, a two level enhancement for health care fraud, a three level reduction for acceptance of responsibility, a four level aggravating role enhancement, and an eighteen

level enhancement for a loss amount between $3,500,000.00 and $9,500,000.00 – based on the stipulated intended loss amount of $4,526,791.00 billed to Medicare. On December 7, 2015, Judge Beverly O'Connell sentenced Petitioner to 51 months.

In December, 2015, Petitioner retained attorneys Jerome Kaplan and Joseph Benincasa to investigate her case. On February 25, 2016, Petitioner filed a § 2255 motion arguing that Stanley provided ineffective assistance of counsel in connection with her guilty plea. On July 21, 2016, Judge O'Connell granted the motion and allowed Petitioner to withdraw her guilty plea.

On August 22, 2016, Petitioner, again, pled guilty to one count of conspiracy to commit health care fraud. Petitioner's new plea agreement was nearly identical to her first plea agreement, with the exception that the parties did not stipulate to the aggravating role enhancement. Rather, the parties agreed to argue the applicability of the aggravating role enhancement at sentencing. On December 16, 2016, Judge O'Connell applied a three level aggravating role enhancement and re-sentenced Petitioner to 46 months.

Petitioner, now, moves to vacate her re-sentence on the ground that attorneys Kaplan and Benincasa provided ineffective assistance because they improperly advised her to stipulate to an intended loss amount of $4,526,791.00, despite the Ninth Circuit's decision in *United States v. Popov*, 742 F.3d 911 (9th Cir. 2014), which held that while the amount billed to an insurer was *prima facie* evidence of the intended loss, either party could introduce evidence to support an argument that the amount billed overestimated or underestimated the defendant's intent. *See* 742 F.3d at 916.

To succeed on a claim of ineffective assistance of counsel, Petitioner must show that: (1) Counsels' performance was deficient; and (2) Counsel's deficient performance prejudiced her. *See Strickland v. Wash.*, 466 U.S. 668, 687 (1984).

To show deficient performance, Petitioner must show that her counsels' assistance fell below an objective standard of reasonableness. *See Gresser v. Franke*, 628 Fed. Appx. 960 (9th Cir. 2015). Here, Petitioner argued that her attorneys'

performance fell below an objective standard of reasonableness because – as they declared – they did not know that *Popov* allowed them to advance the argument that the amount billed to Medicare overestimated Petitioner's intended loss.  It is, indeed, unreasonable for an attorney to be ignorant of existing case law that may affect a client's criminal sentence. *See United States v. Stricklin*, 290 F.3d 748, 751 (5th Cir. 2002).  Accordingly, Petitioner has shown that her attorneys' performance was deficient.

However, deficient performance, alone, is not enough to render counsels' assistance ineffective.  Petitioner must, also, show prejudice that "focuses on whether [counsels'] constitutionally ineffective performance affected the outcome of the plea process." *See Ray v. Terhune*, 12 Fed. Appx. 483, *2 (9th Cir. 2001).  Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.  The likelihood of a different outcome must be substantial, not just conceivable. *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

While it is clear that Petitioner was prejudiced by counsel for not advancing the argument that the amount billed overestimated her intent, Petitioner cannot show that her attorneys' ignorance affected the *outcome* of the plea process. *See Terhune*, 12 Fed. Appx. at 483.  Petitioner cannot show that there was a substantial likelihood that the Government would have stipulated to a lesser intended loss during plea negotiations or that the Government would have agreed to a plea agreement at all. *See Harrington*, 562 U.S. at 112.  Even if the parties stipulated to argue this issue during sentencing, as they did with the aggravating role enhancement, Petitioner cannot show that Judge O'Connell would have ruled that Petitioner had sufficient evidence to rebut the *prima facie* intended loss established by the amount billed. *See Popov*, 742 F.3d at 916.

Although Petitioner was prejudiced for losing the opportunity to rebut the *Popov*

presumption, a different outcome in the plea agreement is merely conceivable, not substantially likely. *See Harrington*, 562 U.S. at 112.

Accordingly,

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the motion be, and hereby is, 𝔇𝔢𝔫𝔦𝔢𝔡.

Date: July 27, 2018

_____
𝔗𝔢𝔯𝔯𝔶 𝔍. 𝔥𝔞𝔱𝔱𝔢𝔯, 𝔍𝔯.
𝔖𝔢𝔫𝔦𝔬𝔯 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔍𝔲𝔡𝔤𝔢